James E. Doroshow (SBN 112920)
   jdoroshow@foxrothschild.com
Craig Aaron (SBN 204741)
   caaron@foxrothschild.com
FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-1506
Tel:  310-598-4150
Fax:  310-556-9828

Nina Yablok (SBN 78658)
   nina@yablok.com
1313 N. Milpitas Blvd., Suite 139
Milpitas, CA 95035
Tel:  408-955-9100
Fax:  408-904-5962

Attorneys for Defendants,
ABBOTT LABORATORIES, CLINOVO, INC., and APPLAB SYSTEMS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VBCONVERSIONS LLC, a California limited liability company,<br><br>       Plaintiff,<br><br>     v.<br><br>ABBOTT LABORATORIES, an Illinois corporation; CLINOVO, INC., a Delaware Corporation; and DOES 1-10, inclusive,<br><br>      Defendants. | Case No.: CV-13-08746-GW-SH<br><br>Hon. Judge George H. Wu<br><br>**ANSWER OF DEFENDANTS ABBOTT LABORATORIES, CLINOVO, INC., AND APPLAB SYSTEMS, INC. TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**<br><br>**[DEMAND FOR JURY TRIAL]**<br><br>Date Complaint Filed:  11/26/13<br>Discovery Cutoff:     None<br>Trial Date:          None |

DEFENDANTS' ANSWER TO FAC & AFFIRMATIVE DEFENSES

1

For their Answer and Affirmative Defenses to the First Amended Complaint of Plaintiff VBConversions, LLC ("Plaintiff"), Defendants Abbott Laboratories, Clinovo, Inc., and Applab Systems, Inc. (collectively "Defendants") allege and respond as follows:

## ANSWER

1. Defendants admit that Plaintiff purports to allege claims against them under the referenced federal statutes, but deny that there is any merit to any of Plaintiff's claims under these statutes or otherwise. Defendants deny that they are all subject to the jurisdiction of this Court or that they each affirmed the provisions of a licensing agreement agreeing to be subject to the personal jurisdiction of courts in the State of California. Except as expressly admitted herein, Defendants deny the allegations of paragraph 1 of the Complaint.

2. Defendants deny that they are each parties to any agreement with Plaintiff, including an agreement that includes a Forum Selection Clause. As such, Defendants deny jurisdiction and venue is proper in this Court.

3. Defendants admit that Plaintiff claims venue is proper in this District under the referenced federal statutes, but otherwise denies the allegations of paragraph 3 of the Complaint.

4. Defendants deny that they are each parties to any agreement with Plaintiff, including an agreement that includes a Forum Selection Clause. As such, Defendants deny jurisdiction and venue is proper in this Court.

5. Defendants lack sufficient information or knowledge to respond to the allegations of paragraph 5 of the Complaint and, on that basis, deny such allegations.

6. Defendants admit the allegations of paragraph 6 of the Complaint except deny that Abbott is a medical research company.

7. Defendants admit the allegations of paragraph 7 of the Complaint.

8. Defendants admit the allegations of paragraph 8 of the Complaint.

DEFENDANTS' ANSWER TO FAC & AFFIRMATIVE DEFENSES
2

9.      Defendants deny that Abbott employed or otherwise contracted, through Clinovo, Applab or anyone else, to perform any of the alleged activities described in Paragraphs 33-63 of the Complaint.  Defendants deny the remaining allegations of paragraph 9 of the Complaint.

10.     Defendants lack sufficient information or knowledge to respond to allegations of paragraph 10 of the Complaint and, on that basis deny such allegations.

11.     Defendants lack sufficient information or knowledge as to what Plaintiff does or does not know or what Plaintiff intends or does not intend to do and, on that basis, deny such allegations, as well as the remaining allegations of paragraph 11 of the Complaint.

12.     Defendants admit that some Defendants have sold some goods in Los Angeles, California.  Except as expressly admitted herein, Defendants deny the allegations of paragraph 12 of the Complaint.

13.     Defendants admit that Abbott maintains a computer system that Plaintiff alleges was used to commit the acts which are the subject of the Complaint, but otherwise denies the allegations of paragraph 13 of the Complaint.

14.     Defendants lack sufficient information or knowledge to respond to the allegations of paragraph 14 of the Complaint and, on that basis, deny such allegations.

15.     Defendants lack sufficient information or knowledge to respond to the allegations of paragraph 15 of the Complaint and, on that basis, deny such allegations.

16.     Defendants lack sufficient information or knowledge to respond to the allegations of paragraph 16 of the Complaint and, on that basis, deny such allegations.

17.    Defendants lack sufficient information or knowledge to respond to the allegations of paragraph 17 of the Complaint and, on that basis, deny such allegations.

18.    Defendants lack sufficient information or knowledge to respond to the allegations of paragraph 18 of the Complaint and, on that basis, deny such allegations.

19.    Defendants lack sufficient information or knowledge to respond to the allegations of paragraph 19 of the Complaint and, on that basis, deny such allegations.

20.    Defendants lack sufficient information or knowledge to respond to the allegations of paragraph 20 of the Complaint and, on that basis, deny such allegations.

21.    Defendants lack sufficient information or knowledge to respond to the allegations of paragraph 21 of the Complaint and, on that basis, deny such allegations.

22.    Defendants lack sufficient information or knowledge to respond to the allegations of paragraph 22 of the Complaint and, on that basis, deny such allegations.

23.    Defendants lack sufficient information or knowledge to respond to the allegations of paragraph 23 of the Complaint and, on that basis, deny such allegations.

24.    Defendants lack sufficient information or knowledge to respond to the allegations of paragraph 24 of the Complaint and, on that basis, deny such allegations.

25.    Defendants lack sufficient information or knowledge to respond to the allegations of paragraph 25 of the Complaint and, on that basis, deny such allegations.

26.     Defendants lack sufficient information or knowledge to respond to the allegations of paragraph 26 of the Complaint and, on that basis, deny such allegations.

27.     Defendants lack sufficient information or knowledge to respond to the allegations of paragraph 27 of the Complaint and, on that basis, deny such allegations.

28.     Defendants lack sufficient information or knowledge to respond to the allegations of paragraph 28 of the Complaint and, on that basis, deny such allegations.

29.     Defendants lack sufficient information or knowledge to respond to the allegations of paragraph 29 of the Complaint and, on that basis, deny such allegations.

30.     Defendants lack sufficient information or knowledge to respond to the allegations of paragraph 30 of the Complaint and, on that basis, deny such allegations.

31.     Defendants lack sufficient information or knowledge to respond to the allegations of paragraph 31 of the Complaint and, on that basis, deny such allegations.

32.     Defendants lack sufficient information or knowledge to respond to the allegations of paragraph 32 of the Complaint and, on that basis, deny such allegations.

33.     Defendants admit that Abbott maintains a computer system that Plaintiff alleges was used to commit the acts which are the subject of the Complaint, but otherwise deny the allegations of paragraph 33 of the Complaint.

34.     Defendants admit that Abbott maintains a computer system that Plaintiff alleges was used to commit the acts which are the subject of the Complaint, but otherwise deny the allegations of paragraph 34 of the Complaint.

DEFENDANTS' ANSWER TO FAC & AFFIRMATIVE DEFENSES

35.     Defendants admit that Abbott maintains a computer system that Plaintiff alleges was used to commit the acts which are the subject of the Complaint, but otherwise deny the allegations of paragraph 35 of the Complaint.

36.     Defendants admit that Abbott maintains a computer system that Plaintiff alleges was used to commit the acts which are the subject of the Complaint, but otherwise deny the allegations of paragraph 36 of the Complaint.

37.     Defendants admit that Abbott maintains a computer system that Plaintiff alleges was used to commit the acts which are the subject of the Complaint, but otherwise deny the allegations of paragraph 37 of the Complaint.

38.     Defendants admit that Abbott maintains a computer system that Plaintiff alleges was used to commit the acts which are the subject of the Complaint, but otherwise deny the allegations of paragraph 38 of the Complaint.

39.     Defendants lack sufficient information or knowledge to respond to the allegations of paragraph 39 of the Complaint and, on that basis, deny such allegations.

40.     Defendants lack sufficient information or knowledge to respond to allegations in the first sentence of paragraph 40 of the Complaint.  Defendants deny the remaining allegations of paragraph 40 of the Complaint.

41.     Defendants deny the allegations of paragraph 41 of the Complaint

42.     Defendants lack sufficient information or knowledge to respond to the allegations of paragraph 42 of the Complaint and, on that basis, deny such allegations.

43.     Defendants admit that Abbott maintains a computer system that Plaintiff alleges was used to commit the acts which are the subject of the Complaint, but otherwise deny the allegations of paragraph 43 of the Complaint.

44.     Defendants admit that Abbott maintains a computer system that Plaintiff alleges was used to commit the acts which are the subject of the Complaint, but otherwise deny the allegations of paragraph 44 of the Complaint.

DEFENDANTS' ANSWER TO FAC & AFFIRMATIVE DEFENSES

6

45.     Defendants admit that Abbott maintains a computer system that Plaintiff alleges was used to commit the acts which are the subject of the Complaint, but otherwise deny the allegations of paragraph 45 of the Complaint.

46.     Defendants admit that Abbott maintains a computer system that Plaintiff alleges was used to commit the acts which are the subject of the Complaint, but otherwise deny the allegations of paragraph 46 of the Complaint.

47.     Defendants lack sufficient information or knowledge to respond to the allegations of paragraph 47 of the Complaint and, on that basis, deny such allegations.

48.     Defendants lack sufficient information or knowledge to respond to the allegations of paragraph 48 of the Complaint and, on that basis, deny such allegations.

49.     Defendants lack sufficient information or knowledge to respond to the allegations of paragraph 49 of the Complaint and, on that basis, deny such allegations.

50.     Defendants deny the allegations of paragraph 50 of the Complaint.

51.     Defendants deny the allegations of paragraph 51 of the Complaint.

52.     Defendants deny the allegations of paragraph 52 of the Complaint.

53.     Defendants deny the allegations of paragraph 53 of the Complaint.

54.     Defendants admit that Abbott maintains a computer system that Plaintiff alleges was used to commit the acts which are the subject of the Complaint, but otherwise deny the allegations of paragraph 54 of the Complaint.

55.     Defendants admit that Abbott maintains a computer system that Plaintiff alleges was used to commit the acts which are the subject of the Complaint, but otherwise deny the allegations of paragraph 55 of the Complaint.

56.     Defendants admit that Abbott maintains a computer system that Plaintiff alleges was used to commit the acts which are the subject of the Complaint, but otherwise deny the allegations of paragraph 56 of the Complaint.

DEFENDANTS' ANSWER TO FAC & AFFIRMATIVE DEFENSES

7

57.     Defendants admit that Abbott maintains a computer system that Plaintiff alleges was used to commit the acts which are the subject of the Complaint, but otherwise deny the allegations of paragraph 57 of the Complaint.

58.     Defendants admit that Abbott maintains a computer system that Plaintiff alleges was used to commit the acts which are the subject of the Complaint, but otherwise deny the allegations of paragraph 58 of the Complaint.

59.     Defendants deny the allegations of paragraph 59 of the Complaint.

60.     Defendants admit that Abbott maintains a computer system that Plaintiff alleges was used to commit the acts which are the subject of the Complaint, but otherwise deny the allegations of paragraph 60 of the Complaint.

61.     Defendants admit that Abbott maintains a computer system that Plaintiff alleges was used to commit the acts which are the subject of the Complaint, but otherwise deny the allegations of paragraph 61 of the Complaint.

62.     Defendants admit that Abbott maintains a computer system that Plaintiff alleges was used to commit the acts which are the subject of the Complaint, but otherwise deny the allegations of paragraph 62 of the Complaint.

63.     Defendants deny the allegations of paragraph 63 of the Complaint.

## FIRST CLAIM FOR RELIEF

64.     Defendants incorporate by reference their response to paragraphs 1 through 63 above as if fully set forth herein.

65.     Defendants deny the allegations in paragraph 65 of the Complaint.

66.     Defendants deny the allegations in paragraph 66 of the Complaint.

67.     Defendants deny the allegations in paragraph 67 of the Complaint.

68.     Defendants admit that the named computer was owned by certain Defendants, but otherwise deny the allegations of paragraph 68 of the Complaint.

69.     Defendants deny the allegations of paragraph 69 of the Complaint.

70.     Defendants deny the allegations of paragraph 70 of the Complaint.

71.     Defendants deny that they have engaged in any unauthorized or fraudulent access to Plaintiff's product, or saved any cost or expense from doing so.  Defendants lack sufficient information or knowledge to respond to the balance of the allegations in paragraph 71 of the Complaint and on that basis deny such allegations.

72.     Defendants deny the allegations of paragraph 72 of the Complaint.

## SECOND CLAIM FOR RELIEF

73.     Defendants incorporate by reference their response to paragraphs 1 through 72 above as if fully set forth herein.

74.     Defendants deny the allegations in paragraph 74 of the Complaint.

75.     Defendants deny the allegations in paragraph 75 of the Complaint.

76.     Defendants deny the allegations in paragraph 76 of the Complaint.

77.     Defendants deny the allegations in paragraph 77 of the Complaint.

78.     Defendants admit that the named computer was owned by certain Defendants, but otherwise deny the allegations of paragraph 78 of the Complaint.

79.     Defendants deny the allegations in paragraph 79 of the Complaint.

80.     Defendants deny the allegations in paragraph 80 of the Complaint.

81.     Defendants deny the allegations in paragraph 81 of the Complaint.

82.     Defendants deny the allegations in paragraph 82 of the Complaint.

## THIRD CLAIM FOR RELIEF

83.     Defendants incorporate by reference their response to paragraphs 1 through 82 above as if fully set forth herein.

84.     Defendants deny the allegations of paragraph 84 of the Complaint.

85.     Defendants deny the allegations of paragraph 85 of the Complaint.

86.     Defendants deny the allegations of paragraph 86 of the Complaint.

87.     Defendants deny the allegations of paragraph 87 of the Complaint.

88.     Defendants admit that the named computer was owned by certain Defendants, but otherwise deny the allegations of paragraph 88 of the Complaint.

DEFENDANTS' ANSWER TO FAC & AFFIRMATIVE DEFENSES

ACTIVE 25544515v1 05/01/2014

89. Defendants deny the allegations of paragraph 89 of the Complaint.

90. Defendants deny the allegations of paragraph 90 of the Complaint.

91. Defendants deny the allegations of paragraph 91 of the Complaint.

92. Defendants deny the allegations of paragraph 92 of the Complaint.

93. Defendants deny the allegations of paragraph 93 of the Complaint.

## FOURTH CLAIM FOR RELIEF

94. Defendants incorporate by reference their response to paragraphs 1 through 93 above as if fully set forth herein.

95. Defendants deny that they have engaged in any unauthorized or fraudulent access to Plaintiff's product. Defendants lack sufficient information or knowledge to respond to the balance of the allegations in paragraph 95 of the Complaint and on that basis deny such allegations.

96. Defendants deny that they have engaged in any unauthorized or fraudulent access to Plaintiff's product. Defendants lack sufficient information or knowledge to respond to the balance of the allegations in paragraph 96 of the Complaint and on that basis deny such allegations.

97. Defendants deny the allegations in paragraph 97 of the Complaint.

98. Defendants deny the allegations in paragraph 98 of the Complaint.

99. Defendants deny the allegations in paragraph 99 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendants were granted an express or implied license to use, modify, and recreate the software Plaintiff offered.

## THIRD AFFIRMATIVE DEFENSE

Defendants had a reasonable, good-faith belief that they had the legal right to test the software Plaintiff offered to Defendants.

///

DEFENDANTS' ANSWER TO FAC & AFFIRMATIVE DEFENSES

ACTIVE 25544515v1 05/01/2014

## FOURTH AFFIRMATIVE DEFENSE

The alleged work that is the subject matter of this litigation is not entitled to copyright protection under the Copyright Act of 1976.

## FIFTH AFFIRMATIVE DEFENSE

On information and belief, the alleged work that is the subject matter of this litigation is not original or creative.

## SEVENTH AFFIRMATIVE DEFENSE

On information and belief, Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, estoppel, waiver, and unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

The Copyright Act of 1976 does not permit Plaintiff to recover duplicative statutory damages.

**WHEREFORE**, Defendants Abbott Laboratories, Clinovo, Inc., and Applab Systems, Inc. pray for the entry of judgment as follows:

(1)     That Plaintiff take nothing from its Complaint herein and judgment be entered in Defendants' favor and against Plaintiff on all of Plaintiff's claims;

(2)     That Defendants be awarded their costs and fees incurred herein; and

(3)     For such other, further, and/or different relief as the Court deems just and proper.

Dated:  May 1, 2014                         FOX ROTHSCHILD LLP


                                  By   /James E. Doroshow/
                                       James E. Doroshow
                                       Craig Aaron
                                       Nina Yablok
                                       Attorneys for Defendants,
                                       ABBOTT LABORATORIES, CLINOVO,
                                       INC., AND APPLAB SYSTEMS, INC.

---

DEFENDANTS' ANSWER TO FAC & AFFIRMATIVE DEFENSES
11

1

## **DEMAND FOR JURY TRIAL**

2      Pursuant to Rule 38 of the Federal Rules of Civil Procedure and Local Rule

3  38-1, Defendants Abbott Laboratories, Clinovo, Inc., and Applab Systems, Inc.

4  hereby demand trial by jury of all issues and claims so triable.

5

6  Dated:  May 1, 2014                    FOX ROTHSCHILD LLP

7

8                          By   /James E. Doroshow/
                                 James E. Doroshow
9                                Craig Aaron
                                 Nina Yablok
10                               Attorneys for Defendants,
                                 ABBOTT LABORATORIES, CLINOVO,
11                               INC., AND APPLAB SYSTEMS, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

DEFENDANTS' ANSWER TO FAC & AFFIRMATIVE DEFENSES

12