**LEWIS BRISBOIS BISGAARD & SMITH** LLP
DANIEL C. DECARLO, SB# 160307
dan.decarlo@lewisbrisbois.com
JOSHUA S. HODAS, SB# 250802
josh.hodas@lewisbrisbois.com
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012
Tel: 213.250.1800
Fax: 213.250.7900

Attorneys for Plaintiff VBConversions LLC

**FOX ROTHSCHILD LLP**
JAMES E. DOROSHOW (SBN 112920)
jdoroshow@foxrothschild.com
AARON CRAIG (SBN 204741)
acraig@foxrothschild.com
1800 Century Park East, Suite 300
Los Angeles, CA 90067-1506
Tel: 310-598-4150
Fax: 310-556-9828

Attorneys for Defendants Abbott Laboratories and AppLab Systems, Inc.

**LAW OFFICE OF PARAG L. AMIN**
PARAG L. AMIN (SBN 281133)
parag@amin-legal.com
341 South Sepulveda Boulevard, Suite 1156
Los Angeles, CA 90034
Tel: 213-293-7881
Fax: 213-986-3563

Attorneys for Defendant Clinovo, Inc.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| VBCONVERSIONS LLC, a California limited liability company,<br><br>          Plaintiff,<br><br>     vs.<br><br>ABBOTT LABORATORIES, et al,<br><br>Defendants. | CASE NO. 2:13-CV-08746 GW (SHx)<br><br>Assigned to Magistrate Stephen J. Hillman For Discovery<br><br>**Joint Stipulated Protective Order**<br><br>Action Filed:   November 26, 2013<br>Trial Date:     November 18, 2014 |

1    Plaintiff VBConversions LLC  ("VBC") and Defendants Abbott Laboratories

2  ("Abbott"), Clinovo, Inc. ("Clinovo") and AppLab Systems, Inc., by and through

3  their counsel of record, hereby enter into this Stipulated Protective Order.

4          <u>PURPOSES AND LIMITATIONS</u>

5          Disclosure and discovery activity in this action are likely to involve production

6  of confidential, proprietary, or private information for which special protection from

7  public disclosure and from use for any purpose other than prosecuting this litigation

8  may be warranted. Accordingly, the parties hereby stipulate to and petition the court

9  to enter the following Stipulated Protective Order. The parties acknowledge that this

10  Order does not confer blanket protections on all disclosures or responses to discovery

11  and that the protection it affords from public disclosure and use extends only to the

12  limited information or items that are entitled to confidential treatment under the

13  applicable legal principles. The parties further acknowledge, as set forth in Section

14  14.4, below, that this Stipulated Protective Order does not entitle them to file

15  confidential information under seal; Civil Local Rule 79-5 sets forth the procedures

16  that must be followed and the standards that will be applied when a party seeks

17  permission from the court to file material under seal.

18      2.   <u>DEFINITIONS</u>

19      2.1   <u>Challenging Party</u>: a Party or Non-Party that challenges the designation

20  of information or items under this Order.

21      2.2   <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of

22  how it is generated, stored or maintained) or tangible things that may qualify for

23  protection under Federal Rule of Civil Procedure 26(c).

24      2.3   <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House

25  Counsel (as well as their support staff).

26      2.4   <u>Designated House Counsel</u>: House Counsel who seek access to

27  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this

28  matter.

2.5     <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE".

2.6     <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8     <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u> <u>Information or Items</u>: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9     <u>"HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10    <u>House Counsel</u>: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11   <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12   <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.13   <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14   <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15   <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.17   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a)

1   any information that is in the public domain at the time of disclosure to a Receiving

2   Party or becomes part of the public domain after its disclosure to a Receiving Party as

3   a result of publication not involving a violation of this Order, including

4       becoming part of the public record through trial or otherwise; and (b) any

5   information known to the Receiving Party prior to the disclosure or obtained by the

6   Receiving Party after the disclosure from a source who obtained the information

7   lawfully and under no obligation of confidentiality to the Designating Party. Any use

8   of Protected Material at trial shall be governed by a separate agreement or order.

9       4.    <u>DURATION</u>

10       Even after final disposition of this litigation, the confidentiality obligations

11   imposed by this Order shall remain in effect until a Designating Party agrees

12   otherwise in writing or a court order otherwise directs. Final disposition shall be

13   deemed to be the later of (1) dismissal of all claims and defenses in this action, with or

14   without prejudice; and (2) final judgment herein after the completion and exhaustion

15   of all appeals, rehearings, remands, trials, or reviews of this action, including the time

16   limits for filing any motions or applications for extension of time pursuant to

17   applicable law.

18       5.    <u>DESIGNATING PROTECTED MATERIAL</u>

19       5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

20   Each Party or Non-Party that designates information or items for protection under this

21   Order must take care to limit any such designation to specific material that qualifies

22   under the appropriate standards. To the extent it is practical to do so, the Designating

23   Party must designate for protection only those parts of material, documents, items, or

24   oral or written communications that qualify – so that other portions of the material,

25   documents, items, or communications for which protection is not warranted are not

26   swept unjustifiably within the ambit of this Order.

27       Mass, indiscriminate, or routinized designations are prohibited. Designations

28   that are shown to be clearly unjustified or that have been made for an improper

1  purpose (e.g., to unnecessarily encumber or retard the case development process or to

2  impose unnecessary expenses and burdens on other parties) expose the Designating

3  Party to sanctions.

4       If it comes to a Designating Party's attention that information or items that it

5  designated for protection do not qualify for protection at all or do not qualify for the

6  level of protection initially asserted, that Designating Party must promptly notify all

7  other parties that it is withdrawing the mistaken designation.

8       5.2     <u>Manner and Timing of Designations</u>. Except as otherwise provided in

9  this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

10  stipulated or ordered, Disclosure or Discovery

11       Material that qualifies for protection under this Order must be clearly so

12  designated before the material is disclosed or produced.

13       Designation in conformity with this Order requires:

14       (a) <u>for information in documentary form</u> (e.g., paper or electronic documents,

15  but excluding transcripts of depositions or other pretrial or trial proceedings), that the

16  Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL

17  – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE

18  CODE" to each page that contains protected material. If only a portion or portions of

19  the material on a page qualifies for protection, the Producing Party also must clearly

20  identify the protected portion(s) (e.g., by making appropriate markings in the margins)

21  and must specify, for each portion, the level of protection being asserted.

22       A Party or Non-Party that makes original documents or materials available for

23  inspection need not designate them for protection until after the inspecting Party has

24  indicated which material it would like copied and produced. During the inspection and

25  before the designation, all of the material made available for inspection shall be

26  deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the

27  inspecting Party has identified the documents it wants copied and produced, the

28  Producing Party must determine which documents, or portions thereof, qualify for

1  protection under this Order. Then, before producing the specified documents, the

2  Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY

3  CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL

4  – SOURCE CODE" to each page that contains Protected Material. If only a portion or

5  portions of the material on a page qualifies for protection, the Producing Party also

6  must clearly identify the protected portion(s) (e.g., by making appropriate markings in

7  the margins) and must specify, for each portion, the level of protection being asserted.

8      (b) for testimony given in deposition or in other pretrial or trial proceedings,

9  that the Designating Party identify on the record, before the close of the deposition,

10  hearing, or other proceeding, all protected testimony and specify the level of

11  protection being asserted. When it is impractical to identify separately each portion of

12  testimony that is entitled to protection and it appears that substantial portions of the

13  testimony may qualify for protection, the Designating Party may invoke on the record

14  (before the deposition, hearing, or other proceeding is concluded) a right to have up to

15  21 days to identify the specific portions of the testimony as to which protection is

16  sought and to specify the level of protection being asserted. Only those portions of the

17  testimony that are appropriately designated for protection within the 21 days shall be

18  covered by the provisions of this Stipulated Protective Order. Alternatively, a

19  Designating Party may specify, at the deposition or up to 21 days afterwards if that

20  period is properly invoked, that the entire transcript shall be treated as

21  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

22  ONLY."

23      Parties shall give the other parties notice if they reasonably expect a deposition,

24  hearing or other proceeding to include Protected Material so that the other parties can

25  ensure that only authorized individuals who have signed the "Acknowledgment and

26  Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a

27  document as an exhibit at a deposition shall not in any way affect its designation as

28

1    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
2    ONLY."

3        Transcripts containing Protected Material shall have an obvious legend on the
4    title page that the transcript contains Protected Material, and the title page shall be
5    followed by a list of all pages (including line numbers as appropriate) that have been
6    designated as Protected Material and the level of protection being asserted by the
7    Designating Party. The Designating Party shall inform the court reporter of these
8    requirements. Any transcript that is prepared before the expiration of a 21-day period
9    for designation shall be treated during that period as if it had been designated
10   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless
11   otherwise agreed. After the expiration of that period, the transcript shall be treated
12   only as actually designated.

13       (c) for information produced in some form other than documentary and for any
14   other tangible items, that the Producing Party affix in a prominent place on the
15   exterior of the container or containers in which the information or item is stored the
16   legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
17   ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE". If only a portion or
18   portions of the information or item warrant protection, the Producing Party, to the
19   extent practicable, shall identify the protected portion(s) and specify the level of
20   protection being asserted.

21       5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent
22   failure to designate qualified information or items does not, standing alone, waive the
23   Designating Party's right to secure protection under this Order for such material.
24   Upon timely correction of a designation, the Receiving Party must make reasonable
25   efforts to assure that the material is treated in accordance with the provisions of this
26   Order.

27

28

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent

1  declaration affirming that the movant has complied with the meet and confer

2  requirements imposed by the preceding paragraph.

3       The burden of persuasion in any such challenge proceeding shall be on the

4  Designating Party. Frivolous challenges and those made for an improper purpose (e.g.,

5  to harass or impose unnecessary expenses and burdens on other parties) may expose

6  the Challenging Party to sanctions. All parties shall continue to afford the material in

7  question the level of protection to which it is entitled under the Producing Party's

8  designation until the court rules on the challenge.

9       7.      ACCESS TO AND USE OF PROTECTED MATERIAL

10      7.1      Basic Principles. A Receiving Party may use Protected Material that is

11  disclosed or produced by another Party or by a Non-Party in connection with this case

12  only for prosecuting, defending, or attempting to settle this litigation. Such Protected

13  Material may be disclosed only to the categories of persons and under the conditions

14  described in this Order. When the litigation has been terminated, a Receiving Party

15  must comply with the provisions of section 15 below (FINAL DISPOSITION).

16      Protected Material must be stored and maintained by a Receiving Party at a

17  location and in a secure manner[1] that ensures that access is limited to the persons

18  authorized under this Order.

19      7.2      Disclosure of "CONFIDENTIAL" Information or Items. Unless

20  otherwise ordered by the court or permitted in writing by the Designating Party, a

21  Receiving Party may disclose any information or item designated "CONFIDENTIAL"

22  only to:

23      (a) the Receiving Party's Outside Counsel of Record in this action, as well as

24  employees of said Outside Counsel of Record to whom it is reasonably necessary to

25

26  ───────────────────

27  [1] It may be appropriate under certain circumstances to require the Receiving Party to store any electronic Protected Material in password-protected form.

28

1  disclose the information for this litigation and who have signed the "Acknowledgment
2  and Agreement to Be Bound" that is attached hereto as Exhibit A;

3     (b) the officers, directors, and employees (including House Counsel) of the
4  Receiving Party to whom disclosure is reasonably necessary for this litigation and
5  who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

6     (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure
7  is reasonably necessary for this litigation and who have signed the "Acknowledgment
8  and Agreement to Be Bound" (Exhibit A);

9     (d) the court and its personnel;

10    (e) court reporters and their staff, professional jury or trial consultants, and
11 Professional Vendors to whom disclosure is reasonably necessary for this litigation
12 and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit
13 A);

14    (f) during their depositions, witnesses in the action to whom disclosure is
15 reasonably necessary and who have signed the "Acknowledgment and Agreement to
16 Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered
17 by the court. Pages of transcribed deposition testimony or exhibits to depositions that
18 reveal Protected Material must be separately bound by the court reporter and may not
19 be disclosed to anyone except as permitted under this Stipulated Protective Order.

20    (g) the author or recipient of a document containing the information or a
21 custodian or other person who otherwise possessed or knew the information.

22    7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
23 ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items.
24 Unless otherwise ordered by the court or permitted in writing by the Designating
25 Party, a Receiving Party may disclose any information or item designated "HIGHLY
26 CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL
27 – SOURCE CODE" only to:

28

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) Designated House Counsel of the Receiving Party (1) who has no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth in paragraph 7.4(a)(1), below, have been followed];

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed];

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4 <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u> or "HIGHLY CONFIDENTIAL – SOURCE CODE" <u>Information or Items to Designated House Counsel or Experts.</u>

(a)(1) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) sets forth the full name of the Designated

1  House Counsel and the city and state of his or her residence, and (2) describes the

2  Designated House Counsel's current and reasonably foreseeable future primary job

3  duties and responsibilities in sufficient detail to determine if House Counsel is

4  involved, or may become involved, in any competitive decision-making.

5  (a)(2) Unless otherwise ordered by the court or agreed to in writing by the

6  Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order)

7  any information or item that has been designated "HIGHLY CONFIDENTIAL –

8  ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE"

9  pursuant to paragraph 7.3(c) first must make a written request to the Designating Party

10  that (1) identifies the general categories of "HIGHLY CONFIDENTIAL –

11  ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE"

12  information that the Receiving Party seeks permission to disclose to the Expert, (2)

13  sets forth the full name of the Expert and the city and state of his or her primary

14  residence, (3) attaches a copy of the Expert's current resume, (4) identifies the

15  Expert's current employer(s), (5) identifies each person or entity from whom the

16  Expert has received compensation or funding for work in his or her areas of expertise

17  or to whom the expert has provided professional services, including in connection

18  with a litigation, at any time during the preceding five years, and (6) identifies (by

19  name and number of the case, filing date, and location of court) any litigation in

20  connection with which the Expert has offered expert testimony, including through a

21  declaration, report, or testimony at a deposition or trial, during the preceding five

22  years.

23  (b) A Party that makes a request and provides the information specified in the

24  preceding respective paragraphs may disclose the subject Protected Material to the

25  identified Designated House Counsel or Expert unless, within 14 days of delivering

26  the request, the Party receives a written objection from the Designating Party. Any

27  such objection must set forth in detail the grounds on which it is based.

28

1    (c) A Party that receives a timely written objection must meet and confer with

2  the Designating Party (through direct voice to voice dialogue) to try to resolve the

3  matter by agreement within seven days of the written objection. If no agreement is

4  reached, the Party seeking to make the disclosure to Designated House Counsel or the

5  Expert may file a motion (in compliance with Civil Local Rule 79-5, if applicable)

6  seeking permission from the court to do so. Any such motion must describe the

7  circumstances with specificity, set forth in detail the reasons why the disclosure to

8  Designated House Counsel or the Expert is reasonably necessary, assess the risk of

9  harm that the disclosure would entail, and suggest any additional means that could be

10  used to reduce that risk. In addition, any such motion must be accompanied by a

11  competent declaration describing the parties' efforts to resolve the matter by

12  agreement (i.e., the extent and the content of the meet and confer discussions) and

13  setting forth the reasons advanced by the Designating Party for its refusal to approve

14  the disclosure.

15    In any such proceeding, the Party opposing disclosure to Designated House

16  Counsel or the Expert shall bear the burden of proving that the risk of harm that the

17  disclosure would entail (under the safeguards proposed) outweighs the Receiving

18  Party's need to disclose the Protected Material to its Designated House Counsel or

19  Expert.

20    8.    PROSECUTION BAR

21    Absent written consent from the Producing Party, any individual who receives

22  access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

23  "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall not be involved

24  in the prosecution of patents or patent applications relating to language-conversion

25  software, including without limitation the patents asserted in this action and any patent

26  or application claiming priority to or otherwise related to the patents asserted in this

27  action, before any foreign or domestic agency, including the United States Patent and

28  Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution"

1  includes directly or indirectly drafting, amending, advising, or otherwise affecting the

2  scope or maintenance of patent claims.  To avoid any doubt, "prosecution" as used in

3  this paragraph does not include representing a party challenging a patent before a

4  domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte*

5  reexamination or *inter partes* reexamination). This Prosecution Bar shall begin when

6  access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

7  "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received by the

8  affected individual and shall end two (2) years after final termination of this action.

9        9.    SOURCE CODE

10       (a)    To the extent production of source code becomes necessary in this case, a

11  Producing Party may designate source code as "HIGHLY CONFIDENTIAL -

12  SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret

13  source code.

14       (b)    Protected Material designated as "HIGHLY CONFIDENTIAL –

15  SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY

16  CONFIDENTIAL – ATTORNEYS' EYES ONLY" information including the

17  Prosecution Bar set forth in Paragraph 8, and may be disclosed only to the individuals

18  to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information

19  may be disclosed, as set forth in Paragraphs 7.3 and 7.4, with the exception of

20  Designated House Counsel.

21       (c)    Any source code produced in discovery shall be made available in

22  electronic form as agreed among the parties.

23       (d)    The Receiving Party shall maintain a record of any individual who has

24  inspected any portion of the source code in electronic or paper form. The Receiving

25  Party shall only make paper copies if such copies are (1) necessary to prepare court

26  filings, pleadings, or other papers (including a testifying expert's expert report), (2)

27  necessary for deposition, or (3) otherwise necessary for the preparation of its case.

28  Any paper copies used during a deposition shall be retrieved by the Producing Party at

the end of each day and must not be given to or left with a court reporter or any other individual.

10. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

11.   **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)   The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)   In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.   promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.   promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.   make the information requested available for inspection by the Non-Party.

(c)   If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

12.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

13.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

14.     MISCELLANEOUS

14.1     Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2     Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3 <u>Export Control</u>. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

14.4   <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the Protected Material in the public record unless otherwise instructed by the court.

15.   <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all

pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: July 3, 2014                    FOX ROTHCHILD  LLP

                                       By:  /s/ James E. Doroshow
                                             James E. Doroshow
                                             Attorneys for Defendants Abbott
                                             Laboratories and AppLab Systems, Inc.

DATED: July 3, 2014                    LAW OFFICE OF PARAG L. AMIN

                                       By:  /s/ Parag L. Amin
                                             Parag L. Amin
                                             Attorneys for Defendant Clinovo, Inc.

I, hereby, attest that I, and all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing

DATED: July 2, 2014                    LEWIS BRISBOIS BISGAARD & SMITH  LLP

                                       By:  /s/ Joshua S. Hodas
                                             Joshua S. Hodas
                                             Attorneys for Plaintiff VBConversions
                                             LLC

**IT IS SO ORDERED**

Dated: July 03, 2014                   _____
                                       Hon. Stephen J. Hillman

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that

I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Central District of California on

[date] in the case of *VBConversions LLC v Abbott Laboratories, et al.* (CASE NO.

2:13-CV-08746 GW (SHx)) I agree to comply with and to be bound by all the terms

of this Stipulated Protective Order and I understand and acknowledge that failure to so

comply could expose me to sanctions and punishment in the nature of contempt. I

solemnly promise that I will not disclose in any manner any information or item that is

subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective

Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____


Signature: _____