Parag L. Amin (SBN 281133)
Law Office of Parag L. Amin
3415 South Sepulveda Blvd. Suite #1156
Los Angeles, CA 90034
Ph:  (213) 293-7881
Fax: (213) 986-3563
Email: parag@amin-legal.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

VBCONVERSIONS, LLC,

a California limited liability company

Plaintiff,

vs.

ABBOTT LABORATORIES, an

Illinois corporation; CLINOVO, INC., a

Delaware Corporation; and,

DOES 1-10, inclusive,

Defendant(s)

Case No.: CV-13-08746-GW-SH

Hon. Judge George H. Wu

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT CLINOVO, INC. TO PLAINTIFF'S SECOND AMENDED COMPLAINT

[DEMAND FOR JURY TRIAL]

Complaint filed:   11/26/13
Discovery Cutoff:  8/8/2014
Trial Date:        11/18/14

For its Answer and Affirmative Defenses to the Second Amended Complaint ("Complaint") of Plaintiff VBConversions, LLC ("Plaintiff"), Defendant Clinovo, Inc. (hereafter referred to as "Defendant" or "Defendant Clinovo") alleges and responds as follows:

## ANSWER

1. Defendant admits that Plaintiff purports to allege claims against it under the referenced federal statutes, but denies that there is any merit to any of Plaintiff's claims under these statutes or otherwise. Defendant denies that it is subject to the jurisdiction of this Court or that it affirmed the provisions of a licensing agreement agreeing to be subject to the personal jurisdiction of courts in

the State of California. Except as expressly admitted herein, Defendant denies the allegations of paragraph 1 of the Complaint.

2. Defendant denies that it is a party to any enforceable agreement with Plaintiff, including an agreement that includes a Forum Selection Clause. As such, Defendant denies that jurisdiction and venue is proper in this Court.

3. Defendant admits that Plaintiff claims venue is proper in this District under the referenced federal statutes, but otherwise denies the allegations of paragraph 3 of the Complaint.

4. Defendant denies that it is a party to any agreement with Plaintiff, including an agreement that includes a Forum Selection Clause. As such, Defendant denies jurisdiction and venue is proper in this Court.

5. Defendant lacks sufficient information or knowledge to respond to the allegations of paragraph 5 of the Complaint and, on that basis, denies such allegations.

6. Defendant has no direct knowledge as to the allegations of paragraph 6 of the complaint and therefore same are denied.

7. Defendant admits the allegations of paragraph 7 of the Complaint.

8. Defendant admits the allegations of paragraph 8 of the Complaint.

9. Defendant admits the allegations of paragraph 9 of the Complaint.

10. Defendant admits so much of paragraph 10 as alleges that Tariq Mohammed was employed by or otherwise contracted by Abbott. The remaining allegations of paragraph 10 are denied.

11. Defendant lacks sufficient knowledge as to what will be established during discovery and on that basis, denies the allegations of paragraph 11.

12. Defendant lacks sufficient information or knowledge as to what Plaintiff does or does not know or what Plaintiff intends or does not intend to do and, on

that basis, denies such allegations, as well as the remaining allegations of paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in paragraph 13.

14. Defendant is without sufficient knowledge as to the allegations of paragraph 14 of the complaint and therefore same are denied.

15. Defendant lacks sufficient information or knowledge to respond to the allegations of paragraph 15 of the Complaint and, on that basis, denies such allegations.

16. Defendant lacks sufficient information or knowledge to respond to the allegations of paragraph 16 of the Complaint and, on that basis, denies such allegations.

17. Defendant lacks sufficient information or knowledge to respond to the allegations of paragraph 17 of the Complaint and, on that basis, denies such allegations.

18. Defendant is without sufficient information or knowledge concerning the allegations of paragraph 18 of the Complaint and therefore same are denied.

19. Defendant is without sufficient information or knowledge concerning the allegations of paragraph 19 of the Complaint and therefore same are denied.

20. Defendant is without sufficient information or knowledge concerning the allegations of paragraph 20 of the Complaint and therefore same are denied.

21. Defendant is without sufficient information or knowledge concerning the allegations of paragraph 21 of the Complaint and therefore same are denied.

22. Defendant admits that there is a website as is referred to in paragraph 22 of the complaint, but is without sufficient knowledge as to the manner in which plaintiff distributes its software.

23. Defendant denies the allegations of paragraph 23 of the complaint and denies that the process of downloading from a website constitutes an acknowledgment or acceptance of any agreement.

24. Defendant is without sufficient information or knowledge concerning the allegations of paragraph 24 of the Complaint and therefore same are denied.

25. Defendant is without sufficient information or knowledge concerning the allegations of paragraph 25 of the Complaint and therefore same are denied.

26. Defendant is without sufficient information or knowledge concerning the allegations of paragraph 26 of the Complaint and therefore same are denied.

27. Defendant is without sufficient information or knowledge concerning the allegations of paragraph 27 of the Complaint and therefore same are denied.

28. Defendant is without sufficient information or knowledge concerning the allegations of paragraph 28 of the Complaint and therefore same are denied.

29. The allegations of paragraph 29 are denied. Defendant is informed and believes that Plaintiff could reasonably and effectively have taken steps to thwart the unauthorized use of its software but has elected not to do so.

30. Defendant is without sufficient information or knowledge concerning the allegations in paragraph 30 of the Complaint and therefore same are denied.

31. Defendant is without sufficient knowledge as to the allegations of paragraph 31 as allege the relationship between Plaintiff and Hitek Software and therefore same are denied. However, Defendant denies that Plaintiff took any measures in self-defense and is informed and believes that instead any tracking system implemented by Plaintiff is to engage in vexatious litigation such as this matter.

32. Defendant is without sufficient information or knowledge concerning the allegations of paragraph 32 of the Complaint and therefore same are denied. Plaintiff's allegation in paragraph 32 of its SAC supports Defendant Clinovo's

position that with the ability to record and collect such information, VBC also has the ability to effectively thwart the unauthorized use of its software but has elected not to do so.

33. Defendant denies the allegations of paragraph 33 of the complaint and denies that the end user agreement is readily apparent or reasonably ascertainable on Plaintiff's website, or that the act of downloading the software constitute acknowledgement or acceptance of same.

34. Defendant is without sufficient knowledge as to the computer system maintained by Abbott. Defendant denies that any programmer employed by Defendant and relevant to this matter had access to any computer system maintained by Abbott. Defendant has no knowledge of any IP addresses assigned to or used by Abbott or its purported employee(s). Therefore, the allegations of paragraph 34 are denied.

35. Defendant has no knowledge of the assignment of any IP address and therefore the allegations of paragraph 35 are denied.

36. Defendant admits that Abbott maintains a computer system that Plaintiff alleges was used to commit the acts which are the subject of the Complaint, but otherwise denies the allegations of paragraph 36 of the Complaint.

37. Defendant is without sufficient knowledge as to the allegations of paragraph 37 of the complaint and therefore same are denied.

38. Defendant is without sufficient knowledge as to the allegations of paragraph 38 of the complaint and therefore same are denied. Any activities of the user were undertaken on the premises of Abbott, under the direct supervision and control of Abbott and Defendant would have no way of monitoring or controlling such activities.

39. Defendant is without sufficient knowledge as to the allegations of paragraph 39 of the complaint and therefore same are denied.

1  40. Defendant is without sufficient knowledge as to the allegations of
2  paragraph 40 of the complaint and therefore same are denied.
3  41. Defendant is without sufficient knowledge as to the allegations of
4  paragraph 41 of the complaint and therefore same are denied.
5  42. Defendant denies the allegations of paragraph 42 of the Complaint.
6  43. Defendant is without sufficient knowledge as to the allegations of
7  paragraph 43 of the complaint and therefore same are denied.
8  44. Defendant is without sufficient knowledge as to the allegations of
9  paragraph 44 of the complaint and therefore same are denied.
10 45. Defendant is without sufficient knowledge as to the allegations of
11 paragraph 45 of the complaint and therefore same are denied.
12 46. Defendant is without sufficient knowledge as to the allegations of
13 paragraph 46 of the complaint and therefore same are denied.
14 47. Defendant is without sufficient knowledge as to the allegations of
15 paragraph 47 of the complaint and therefore same are denied.
16 48. Defendant is without sufficient knowledge as to the allegations of
17 paragraph 48 of the complaint and therefore same are denied.
18 49. Defendant is without sufficient knowledge as to the allegations of
19 paragraph 49 of the complaint and therefore same are denied.
20 50. Defendant is without sufficient knowledge as to the allegations of
21 paragraph 50 of the complaint and therefore same are denied.
22 51. Defendant denies the allegations of paragraph 51 of the Complaint.
23 52. Defendant is without sufficient knowledge as to the allegations of
24 paragraph 52 of the Complaint and on that basis the allegations are denied.
25 53. Defendant is without sufficient knowledge as to the allegations of
26 paragraph 53 of the Complaint and on that basis the allegations are denied.
27

54. Defendant is without sufficient knowledge as to the allegations of paragraph 54 of the Complaint and on that basis the allegations are denied.

55. Defendant is without sufficient knowledge as to the allegations of paragraph 54 of the Complaint and on that basis the allegations are denied.

56. Defendant is without sufficient knowledge as to the allegations of paragraph 56 of the complaint and therefore same are denied.

57. Defendant is without sufficient knowledge as to the allegations of paragraph 57 of the complaint and therefore same are denied.

58. Defendant is without sufficient knowledge as to the allegations of paragraph 58 of the complaint and therefore same are denied.

59. Defendant is without sufficient knowledge as to the allegations of paragraph 59 of the complaint and therefore same are denied.

60. Defendant denies the allegations of paragraph 60 of the Complaint.

61. Defendant is without sufficient knowledge as to the allegations of paragraph 61 of the complaint and therefore same are denied.

62. Defendant is without sufficient knowledge as to the allegations of paragraph 62 of the complaint and therefore same are denied.

63. Defendant is without sufficient knowledge as to the allegations of paragraph 63 of the complaint and therefore same are denied.

64. Defendant denies the allegations of paragraph 64 of the Complaint.

## **FIRST CLAIM FOR RELIEF**

65. Defendant incorporates by reference its response to paragraphs 1 through 64 above as if fully set forth herein.

66. Defendant denies the allegations in paragraph 66 of the Complaint.

67. Defendant denies the allegations in paragraph 67 of the Complaint.

68. Defendant denies the allegations in paragraph 68 of the Complaint.

69. Defendant is without sufficient knowledge as to the ownership of the computer and therefore allegations as to the ownership are denied. Defendant denies Tariq Mohammed was employed by Abbott through Defendant.

70. Defendant denies the allegations in paragraph 70 of the Complaint.

71. Defendant denies the allegations in paragraph 71 of the Complaint.

72. Defendant denies that it has engaged in any unauthorized or fraudulent access to Plaintiff's product or saved any cost or expense from doing so. Defendant lacks sufficient information or knowledge to respond to the remaining allegations in paragraph 72 of the Complaint and therefore same are denied.

73. Defendant denies the allegations in paragraph 73 of the Complaint.

## SECOND CLAIM FOR RELIEF

74. Defendant incorporates by reference its response to paragraphs 1 through 73 above as if fully set forth herein.

75. Defendant denies the allegations in paragraph 75 of the Complaint.

76. Defendant denies the allegations in paragraph 76 of the Complaint.

77. Defendant denies the allegations in paragraph 77 of the Complaint.

78. Defendant denies the allegations in paragraph 78 of the Complaint.

79. Defendant admits that the computer referred to was owned by Abbott. Defendant denies Tariq Mohammed was employed by Abbott through Defendant. The remaining allegations of paragraph 79 are denied.

80. Defendant denies that Defendant had the right to oversee, govern, control, and direct Tariq Mohammed. Defendant also denies it had the right and ability to prevent the infringement but it chose not to do so. The remaining allegations of paragraph 80 are denied.

81. Defendant denies that Defendant had the right to oversee, govern, control, and direct Tariq Mohammed. Defendant also denies it had the right and

ability to prevent the infringement but it chose not to do so. The remaining allegations of paragraph 81 are denied.

82. Defendant denies the allegations in paragraph 82 of the Complaint.

83. Defendant denies the allegations in paragraph 83 of the Complaint.

### THIRD CLAIM FOR RELIEF

84. Defendant incorporates by reference its response to paragraphs 1 through 83 above as if fully set forth herein.

85. Defendant denies the allegations in paragraph 85 of the Complaint.

86. Defendant denies the allegations in paragraph 86 of the Complaint.

87. Defendant denies the allegations in paragraph 87 of the Complaint

88. Defendant admits that the computer referred to was owned by Abbott. Defendant denies it obtained any value from any purported use of a pre-cracked version of the Copyrighted Software. The remaining allegations of paragraph 88 are denied.

89. Defendant admits that the computer referred to was owned by Abbott. Defendant denies that the user who allegedly ran the unauthorized pre-cracked version of the program was employed by Defendant or by the other Defendants through Defendant. The remaining allegations of paragraph 89 are denied.

90. Defendant denies that Defendant had the right to oversee, govern, control, and direct Tariq Mohammed. Defendant also denies it had the right and ability to prevent the infringement but it chose not to do so. The remaining allegations of paragraph 90 are denied.

91. Defendant denies that Defendant had the right to oversee, govern, control, and direct Tariq Mohammed. Defendant also denies it had the right and ability to prevent the infringement but it chose not to do so. Defendant denies the remaining allegations in paragraph 91 of the Complaint.

92. Defendant denies the allegations in paragraph 92 of the Complaint.

93. Defendant denies the allegations in paragraph 93 of the Complaint.

94. Defendant denies the allegations in paragraph 94 of the Complaint.

## FOURTH CLAIM FOR RELIEF

95. Defendant incorporates by reference its response to paragraphs 1 through 94 above as if fully set forth herein.

96. Defendant is without sufficient knowledge as to the allegations of paragraph 96 of the complaint, and therefore, same are denied.

97. Defendant is without sufficient knowledge as to the allegations of paragraph 97 of the complaint, and therefore, same are denied.

98. Defendant denies the allegations in paragraph 98 of the Complaint.

99. Defendant denies the allegations in paragraph 99 of the Complaint.

100. Defendant denies the allegations in paragraph 100 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

101. The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

102. Any person alleged to have used the software, including to the extent alleged, defendant, was granted an express or implied license to use, modify, or recreate the software Plaintiff offered.

## THIRD AFFIRMATIVE DEFENSE

103. Any person alleged to have used the software, including to the extent alleged, defendant, had a reasonable, good-faith belief that they had the legal right to test the software Plaintiff offered to Defendant.

## FOURTH AFFIRMATIVE DEFENSE

104. The alleged work that is the subject matter of this litigation is not entitled to copyright protection under the Copyright Act of 1976.

## FIFTH AFFIRMATIVE DEFENSE

105. On information and belief, the alleged work that is the subject matter of this litigation is not original or creative.

## SEVENTH AFFIRMATIVE DEFENSE

106. On information and belief, Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, estoppel, waiver, and unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

107. The Copyright Act of 1976 does not permit Plaintiff to recover duplicative statutory damages.

## NINTH AFFIRMATIVE DEFENSE

108. On information and belief, Plaintiff's claims are barred, in whole or in part by virtue of Plaintiff's abuse of its copyright.

## TENTH AFFIRMATIVE DEFENSE

108. Defendant reserves the right to raise additional affirmative defenses as the facts and law may warrant.

**WHEREFORE**, Defendant Clinovo prays for entry of the judgment as follows:

1. That Plaintiff take nothing from its Complaint herein and judgment be entered in Defendant Clinovo's favor for all of Plaintiff's claims;
2. That Defendant Clinovo be awarded its costs and fees incurred herein;
3. For such other or further relief as the Court deems just and proper.

Dated: July 25, 2014

LAW OFFICE OF PARAG L. AMIN
By: /s/ Parag L. Amin
Parag L. Amin,
Attorney for Defendant Clinovo

# DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and Local Rule 38-1, Defendant Clinovo hereby demands a jury trial of any and all issues and claims triable by jury.

Dated: July 25, 2014

                              LAW OFFICE OF PARAG L. AMIN

                              By:/s/ Parag L. Amin
                                  Parag L. Amin,
                                  Attorney for Defendant Clinovo

## CERTIFICATE OF SERVICE

I, Parag L. Amin, hereby certify that on this 25th day of July, a true and correct copy of the document above, described as ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT CLINOVO, INC. TO PLAINTIFF'S SECOND AMENDED COMPLAINT was filed electronically. Notice of this filing will be sent via Notice of Electronic Filing to all counsel of record through the Court's electronic filing system.

By: /s/ Parag L. Amin
Parag L. Amin